BAADER *v.* DETROIT, JACKSON & CHICAGO RAILWAY CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.

> In determining whether or not the trial court was in error in directing a verdict for defendant, in an action for the death of plaintiff's decedent, on the ground of decedent's contributory negligence, the Supreme Court must assume that all of the testimony introduced by plaintiff is true and give weight to every reasonable inference therefrom.

2. RAILROADS—DEATH—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

> In an action against a railway company for the death of plaintiff's decedent when his automobile was struck by defendant's train at a street crossing, evidence that decedent, who was familiar with the surroundings, while 12 feet from the track, had an unobstructed view and could have seen the approaching train had he looked, *held*, to justify a directed verdict for defendant.

Error to Jackson; Williams (Benjamin), J. Submitted June 10, 1924. (Docket No. 1.) Decided July 24, 1924.

Case by Gertrude Baader, administratrix of the estate of Conrad Baader, deceased, against the Detroit, Jackson & Chicago Railway Company for the alleged negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*J. A. Rosenburg* and *Frank Blackman,* for appellant.

*Cobb, Bisbee & Wilson,* for appellee.

McDONALD, J. The plaintiff brought this suit to

On care required of driver of automobile at railroad crossing, see notes in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

recover damages resulting from the death of her husband, who was instantly killed in a collision with one of the defendant's freight trains at a highway crossing in the village of Michigan Center, Jackson county, Michigan, on the 2d day of November, 1921. The main street of the village is a graveled highway extending east and west parallel with the defendant's track on the north.     The accident took place at a point where a crossroad running north from the east and west highway passes over the railroad right of way.     At this point the distance between the south rail of the track and the north wheel track of the east and west road is 23 feet.     To the east of the crossing there was a side track on the south side of the main track where east-bound cars waited until the cars going west should pass.     On the morning of the accident an east-bound passenger train stood on this side track.     The decedent lived with his family on the south side of the east and west highway, about 40 rods east of the crossing.     Driving a Ford automobile he left his home in company with his father-in-law, at about 6 o'clock on the day of the accident.     Their way led across the railway track on the north and south road.     They drove west on the east and west highway, turned north on the crossroad and upon defendant's track, where they were struck by a freight train.     At the conclusion of the plaintiff's case the circuit judge directed a verdict in favor of the defendant on the ground that the plaintiff's intestate was guilty of contributory negligence, as a matter of law.     This ruling of the court presents the only question for our consideration.

Assuming, as we must, that all of the testimony introduced by the plaintiff is true, and giving weight to every reasonable inference to be deduced therefrom, we find no evidence that would warrant us in holding that at the time of the accident the decedent was using ordinary care for his own safety.     We agree

with the circuit judge that if, in approaching the track, he had driven his automobile very slowly, or had stopped and looked, he could have seen the freight train in time to have avoided the accident. The evidence shows that he was familiar with the conditions at this crossing. He lived in the vicinity and had driven over the crossing many times. When he turned in on the crossroad from the east and west highway, he was 23 feet from the track. At that point his view to the east was obscured by some trees, telephone poles and rural mail boxes, but as he proceeded past these objects, and while still 12 feet from the track, he had a clear view of the approaching train, which was then close to the crossing. If he did not see the train it was because he did not look, and if he did not look at this point, where his vision was not restricted, he was guilty of negligence. If he did look and saw it approaching so near the crossing, he was guilty of contributory negligence in driving upon the track.

What was said by this court in *Colborne* v. *Railway*, 177 Mich. 139, is applicable here.

"Before passing into the line of danger from his place of safety, where he had ample opportunity to observe without obstruction, it was his duty to assure and re-assure himself, 'that there is not a car directly upon him, and of which situation the fact that he is struck is conclusive proof.' "

It is not necessary to cite the many cases wherein this court has announced the rules relative to the degree of care which one must exercise in approaching and passing over railroad crossings. In this case the plaintiff's intestate seems to have taken no precautions for his safety. Without stopping his automobile in the zone of safety where he was in a position to make observations without obstruction, he increased its speed and drove directly in the path of the approaching train. There being no evidence of gross negli-

gence on the part of the defendant, the contributory negligence of the decedent precludes the plaintiff's recovery.   The circuit judge did not err in so instructing the jury.

The judgment is affirmed, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.