STAFFORD v E.W. BLISS COMPANY

Docket No. 77-2632. Submitted June 10, 1978, at Detroit.—Decided October 2, 1978. Leave to appeal applied for.

Ruth Stafford was injured in the course of her employment when a press which she was operating malfunctioned. She filed for workmen's compensation benefits and her employer's insurer, Liberty Mutual Insurance Company, voluntarily paid the claim. Liberty Mutual, joining Stafford as a party plaintiff, then sued the manufacturer of the press, E.W. Bliss Company, alleging negligence and breach of warranty. Bliss moved to amend its answer to assert the contributory negligence of Stafford and that Liberty Mutual was also contributorily negligent in not discovering a defect in a safety mechanism during a safety inspection. The Wayne Circuit Court, Joseph Moynihan, J., granted the motion and the plaintiffs appeal by leave granted. *Held:*

The negligence of the insurer is not a bar to its recovery of compensation payments from the third-party tortfeasor. However, where the insurer is itself negligent, the third party may seek contribution.

Reversed.

WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASORS—RECOVERY OF COMPENSATION—CONTRIBUTION—STATUTES.

A workmen's compensation insurer has a right to recover from a negligent third-party tortfeasor compensation payments which the insurer has made to an injured employee; where the insurer itself has been negligent, the third party may properly seek contribution from the insurer (MCL 418.827, 600.2925a, b and c; MSA 17.237[827], 27A.2925[1], [2] and [3]).

*Carron & Carron,* for Ruth Stafford.

*Johnson, Campbell & Moesta, P.C.,* for Liberty Mutual Insurance Company.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 429-432, 436 *et seq.*

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.*
(by *Ivin E. Kerr* and *Mark D. Willmarth*), for E. W.
Bliss Company.

Before: BASHARA, P.J., and BRONSON and C. W.
SIMON,* JJ.

C. W. SIMON, J. This appeal raises but one issue
for consideration: whether, where a workmen's
compensation carrier has been called upon to pay
benefits and joins the injured employee to bring an
action for negligence against a third party, its
contributory negligence may be asserted as a bar
to recovery.

Plaintiff Ms. Stafford, at the time of her injury,
was a press operator with United Metal Products.
She operated a press designed and manufactured
by the E.W. Bliss Company. On May 18, 1971, Ms.
Stafford's press allegedly malfunctioned, causing
the majority of her left hand to be severed. Ms.
Stafford filed for workmen's compensation benefits
and Liberty Mutual Insurance Company, the com-
pensation carrier for United Metal Products, vol-
untarily paid her claim. Upon payment, under
MCL 418.827; MSA 17.237(827), Liberty Mutual
became subrogated to an equivalent portion of any
cause of action Ms. Stafford had against E.W. Bliss
Company arising out of the accident. Together
they filed suit in the Wayne County Circuit Court
alleging both negligence and breach of warranty.

Defendant, E.W. Bliss Company, denied plain-
tiffs' allegations and moved to assert the affirma-
tive defense of contributory negligence. It con-
tended that a safety inspection conducted by Lib-
erty Mutual on the premises of United Metal
Products should have revealed a foreign body

---

* Circuit judge, sitting on the Court of Appeals by assignment.

lodged in the safety mechanism of the press, and that such negligence, failing to discover the hazard, was a proximate cause of the injury. Defendant's motion was granted and we granted plaintiffs leave to appeal.

Prior to its amendment in 1952, MCL 413.15; MSA 17.189 (repealed 1969) provided an employee who suffered an injury under circumstances which created liability in some person other than his employer with an election between proceeding against the third person at law for damages or against the employer for workman's compensation. If the employee chose the latter, his employer could then proceed against the third party, and any contributory negligence of the employer would not be assertable by the third party as a bar to recovery. *Utley v Taylor & Gaskin, Inc,* 305 Mich 561; 9 NW2d 842 (1943). The purpose of the section "was to provide a method whereby the employer could reimburse himself or his insurer for workmen's compensation benefits paid to an injured employee, where such injury resulted from the negligence of some other person", and therefore the statute placed the employer "in the shoes of his injured employee". *Utley v Taylor & Gaskin, Inc, supra* at 575. Since the employer's contributory negligence could not have been asserted against the employee had he brought suit, neither could it be asserted against the employer.

1952 PA 155 amended MCL 413.15; MSA 17.189 (repealed 1969) to include the employer's compensation insurance carrier as a subrogee of the employee's claim against the third party, and provided that "the taking of proceedings to enforce compensation payments shall not act as an election of remedies".

Currently, MCL 418.827(1); MSA 17.237(827)(1)

(formerly MCL 413.15; MSA 17.189) in pertinent part reads as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee * * * may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person."

Thus, assuming as we must that the allegations of the parties are correct, plaintiff Ms. Stafford, after obtaining her compensation award, still had two third parties against whom she could have proceeded. As eventually she did, she could have sued E.W. Bliss Company on a theory of negligence or product liability, *e.g., Byrnes v Economic Machinery Co,* 41 Mich App 192; 200 NW2d 104 (1972), *lv den,* 388 Mich 765 (1972), and, since her action arose before the enactment of 1972 PA 285, MCL 418.827(8); MSA 17.237(827)(8), which under these circumstances abolished liability for negligent safety inspection, she could have sued Liberty Mutual Insurance Company on a theory of negligence, *e.g., Megge v Lumbermens Mutual Casualty Co,* 45 Mich App 119; 206 NW2d 245 (1973).

In the case at bar, however, suit was prompted by the insurance carrier, Liberty Mutual, which,

naturally, would not seek to proceed against itself. Since concurrent tortfeasors are jointly and severally liable, this exposed defendant to liability for the entire injury, *Sexton v American Aggregates,* 60 Mich App 524; 231 NW2d 449 (1975), a position of seemingly obvious inequity. But, the defense of contributory negligence, if proven, would completely bar recovery by Liberty Mutual, *Baader v Detroit, Jackson & Chicago R Co,* 228 Mich 104; 199 NW 630 (1924), and this we feel would also be unjust, see Prosser, *Comparative Negligence,* 51 Mich L Rev 465, 469 (1953).

Had Ms. Stafford chosen to sue Liberty Mutual it would have been exposed to liability for the entire injury, it could have sought contribution from defendant pursuant to 1961 PA 236, § 2925, repealed by 1974 PA 318, § 2, currently found at MCL 600.2925a, b, c; MSA 27A.2925 (1) (2) (3), and contributory negligence could not have been raised as a bar to recovery. Similarly, had Ms. Stafford alone brought suit against defendant, it could not assert Liberty Mutual's negligence as a defense and would have been forced to seek contribution from it. To hold here that because of the mere fortuity that the insurer rather than the employee chose to bring the action the third party tortfeasor should be absolved from liability would certainly be anomalous. This is especially true since MCL 418.827; MSA 17.237(827) in no way extends the applicable statute of limitation or otherwise prejudices defendant.

The supplantation of cumulative remedies for election of remedies has not changed the purpose of the third party tortfeasor provision of the Worker's Disability Compensation Act. As in *Utley,* it still seeks to provide a method whereby the employer or insurer can be reimbursed for compensa-

tion benefits paid to an injured employee, where such injury resulted from the negligence of some third person other than a co-employee. Therefore, we hold that an insurer, whether negligent or not, has a right to recover, under MCL 418.827; MSA 17.237(827), compensation payments which it has made to an injured employee. Where the insurer itself has been negligent the third party may properly seek contribution under 1961 PA 236, § 2925, repealed by 1974 PA 318, § 2, currently found at MCL 600.2925a, b, c; MSA 27A.2925 (1), (2), (3).

Reversed.