UNITED STATES FIDELITY & GUARANTY COMPANY v
LIBERTY MUTUAL INSURANCE COMPANY

Docket Nos. 62929, 63016. Submitted February 15, 1983, at Detroit.—
Decided July 19, 1983. Leave to appeal denied, 418 Mich 917.

Zlatko Grujovski, an employee of Kasle Steel Corporation, was severely injured while operating a splitting machine designed and manufactured by Wean United, Inc. Liberty Mutual Insurance Company, the workers' disability compensation carrier for Kasle Steel, commenced payment of benefits to Grujovski. Liberty Mutual filed suit in Wayne Circuit Court against Wean alleging negligence and breach of warranty in the design and manufacture of the machine and seeking reimbursement for compensation benefits paid to Grujovski. Subsequently, Grujovski filed a separate action against Wean and others (Wean), in Wayne Circuit Court. The court, Andrew DiMaggio, J., consolidated the cases and Liberty Mutual was added as a plaintiff in the action commenced by Grujovski. Wean filed a counterclaim against Liberty Mutual seeking contribution and indemnification. The counterclaim alleged that Liberty Mutual had undertaken a worker safety program for Kasle Steel and had done so in a negligent manner, causing or contributing to Grujovski's injuries. Wean and Grujovski entered into a settlement agreement whereby Grujovski released Wean from liability for his injuries but providing that the agreement would not affect Grujovski's rights against any other party. Liberty Mutual was informed of the settlement negotiations but declined to participate in them. The court, Andrew DiMaggio, J., granted Liberty Mutual's motion for enforcement of a workers' compensation lien against Wean. The Court of Appeals affirmed in an unpub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 746–748.
[2, 3] 18 Am Jur 2d, Contribution §§ 48, 52.
[2] 82 Am Jur 2d, Workmen's Compensation § 434.
    Contribution or indemnity between joint tortfeasors on basis of relative fault. 53 ALR3d 184.
    Contribution between negligent tortfeasors at common law. 60 ALR2d 1366.
[4] 18 Am Jur 2d, Contribution §§ 7, 8.

lished opinion, *Grujovski v Wean United, Inc* (Docket No. 43979, decided May 22, 1980). The circuit court, Harry J. Dingeman, Jr., J., granted summary judgment for Liberty Mutual on Wean's counterclaim for indemnity and contribution. The court found that Wean had no right of contribution against Liberty Mutual. United States Fidelity & Guaranty Company (USF&G), Wean's insurer, assumed the conduct of Wean's action as the real party in interest. USF&G and Grujovski both appealed the grant of summary judgment on Wean's counterclaim for indemnity and contribution and the Court of Appeals consolidated the cases. *Held:*

1. The current appeal is not precluded by the law of the case doctrine. The issue now raised regarding the counterclaim for indemnity and contribution was not squarely before the Court in the prior appeal and opinion of May 22, 1980. In the previous appeal, Wean challenged the grant of summary judgment requiring it to reimburse Liberty Mutual for compensation benefits paid to Grujovski.

2. Wean and Liberty Mutual are allegedly concurrent or several tortfeasors. The allegations of Wean, if proven, are sufficient to establish a common liability. Because the limitation period had run on Grujovski's claim against Liberty Mutual prior to the settlement agreement and the agreement expressly released Wean from liability for Grujovski's injuries, the functional purpose and impact of the agreement was to discharge both alleged tortfeasors from all liability. The settlement payment represented satisfaction of Grujovski's personal injury claim. Wean is entitled under the equitable rules of contribution to a trial on its allegations of negligence.

Reversed and remanded.

1. APPEAL — LAW OF THE CASE.

A question of law decided by an appellate court will not be differently decided on a subsequent appeal in the same case where the facts remain materially the same.

2. WORKERS' COMPENSATION — THIRD-PARTY TORTFEASORS — RECOVERY OF COMPENSATION — CONTRIBUTION — STATUTES.

A workers' compensation insurer has a right to recover from a negligent third-party tortfeasor compensation payments which the insurer has made to an injured employee; however, where that injured employee had brought suit against that third-party tortfeasor and had made a settlement with that third party, the third party may properly seek contribution from the workers' compensation insurer which allegedly had undertaken a

worker safety program for the worker's employer and had done so in a negligent manner (MCL 418.827, 600.2925a; MSA 17.237[827], 27A.2925[1]).

3. TORTS — CONTRIBUTION — EQUITY.

The general rule of contribution is that one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares.

4. CONTRIBUTION — COMMON LIABILITY — SATISFACTION.

The equitable rule of contribution requires that there be (1) a common liability owed by the wrongdoers to the injured plaintiff and (2) payment or satisfaction by the party seeking contribution of the entire obligation or more than his aliquot share of the common obligation.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Michael Updike*), for counter-plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Daniel L. Garan*), and *Gromek, Bendure & Thomas* (by *Mark R. Bendure*), of counsel, for counter-defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and GRIBBS, JJ.

J. H. GILLIS, P.J. The issue in this appeal is whether appellants are precluded as a matter of law from pursuing their counterclaim of contribution against appellee. The trial court ruled that appellants were so precluded and granted summary judgment in favor of appellee. We reverse.

I

The facts, though complex, are not in dispute. On February 27, 1971, Zlatko Grujovski, an em-

ployee of Kasle Steel Corporation, was severely injured while operating a splitting machine designed and manufactured by Wean United, Inc. Appellee Liberty Mutual Insurance Company, the workers' disability compensation carrier for Kasle Steel, commenced payment of weekly indemnity benefits to Grujovski. In August, 1972, Liberty Mutual filed suit against Wean United alleging negligence and breach of warranty in the design and manufacture of the machine, and seeking reimbursement for compensation benefits paid to Grujovski. In January, 1973, Grujovski filed a separate action against Wean United, Wean Equipment Corporation and several individual defendants (hereinafter collectively referred to as Wean). The suits were later consolidated in the Wayne County Circuit Court and Liberty Mutual was added as a plaintiff in the action commenced by Grujovski.

In September, 1974, Wean filed a counterclaim against Liberty Mutual seeking contribution and indemnification. The counterclaim, which is the subject of the instant appeal, alleged that Liberty Mutual had undertaken a worker safety program for Kasle Steel and had done so in a negligent manner, thus causing or contributing to Grujovski's injuries.[1]

On December 8, 1975, Wean settled Grujovski's claim for the amount of $160,000, in return for which Grujovski executed a release and indemnity agreement. The agreement provided, *inter alia,* that Grujovski released Wean from liability for his injuries but that, "in no way will this Agreement affect any of my rights against any other party * * * including Liberty Mutual Insurance Company".[2] Liberty Mutual was informed of the settle-

---

[1] See *Ray v Transamerica Ins Co,* 46 Mich App 647; 208 NW2d 610 (1973).

[2] The agreement provided in part:

ment negotiations but declined to participate in them.

Liberty Mutual subsequently brought two motions for summary judgment. The first motion asserted that, pursuant to MCL 418.827(5); MSA 17.237(827)(5), Liberty Mutual was entitled to a portion of the settlement proceeds for reimbursement of benefits paid and as a credit for future benefits. That motion was denied.

"In further consideration of the above said sum, in the event that a judgment in excess of this payment is ever taken against anyone, including Liberty Mutual Insurance Company, arising out of the aforesaid accident for which this Agreement is executed, and if anyone, including Liberty Mutual Insurance Company, attempts to collect by way of judgment or execution any sums either through contribution and/or indemnify in any amount in excess of this payment, I do hereby agree to indemnify, protect, and save harmless Wean United, Inc., Wean Equipment Corporation, H. A. Johnson, R. J. Wean, R. J. Wean, Jr., S. R. Wean, M. D. Baughman, Jr., C. G. Petrosky, G. J. Ridgeway, defendants, in the amount of any sum owed by defendants as a result of said judgment which exceeds the amount of this settlement or the credit defendants would receive by this settlement as their proportionate share of a joint judgment.

\* \* \*

"In further consideration for this settlement, it is understood that Wean United, Inc., Wean Equipment Corporation, H. A. Johnson, R. J. Wean, R. J. Wean, Jr., S. R. Wean, M. D. Baughman, Jr., C. G. Petrosky, and G. J. Ridgeway shall continue to vigorously defend the action brought by Liberty Mutual Insurance Company against it, but should Liberty Mutual Insurance Company be held entitled to reimbursement and/or credit for any or all Workmen's Compensation benefits and payments made or to be made to me, I shall be fully responsible to pay said claim and hold harmless defendants Wean United, Inc., Wean Equipment Corporation, H. A. Johnson, R. J. Wean, R. J. Wean, Jr., S. R. Wean, M. D. Baughman, Jr., C. G. Petrosky, and G. J. Ridgeway.

"In further consideration for this settlement, Wean United, Inc., Wean Equipment Corporation, H. A. Johnson, R. J. Wean, R. J. Wean, Jr., S. R. Wean, M. D. Baughman, Jr., C. G. Petrosky, and G. J. Ridgeway do assign, convey and transfer to me a one-half interest in their claim for contribution presently pending against Liberty Mutual Insurance Company.

"It is understood that both defendants Wean United, Inc., Wean Equipment Corporation, H. A. Johnson, R. J. Wean, R. J. Wean, Jr., S. R. Wean, M. D. Baughman, Jr., C. G. Petrosky, and G. J. Ridgeway and myself fully believe that Liberty Mutual Insurance Company has wrongfully acted and was negligent, but has refused to contribute its fair share to a full and complete settlement of this claim."

Liberty Mutual's second motion sought summary judgment on Wean's counterclaim for indemnity and contribution. That motion was denied without prejudice on December 16, 1977, and a panel of this Court denied leave to appeal.

On December 28, 1978, Liberty Mutual renewed its motion for enforcement of a workers' compensation lien against Wean United only. The trial court granted the motion and a panel of this Court affirmed in an unpublished per curiam opinion. *Grujovski v Wean United, Inc* (Docket No. 43979, decided May 22, 1980).

Liberty Mutual then again moved for summary judgment on Wean's counterclaim. On January 19, 1982, the trial court issued an opinion and subsequently entered an order granting the motion, finding that Wean had no right of contribution against Liberty Mutual. Wean appeals as of right. United States Fidelity & Guaranty Company (USF &G), Wean's insurer, has assumed the conduct of Wean's contribution action and this appeal as the real party in interest. Grujovski also appealed. The cases were consolidated by this Court.

## II

USF&G contends that Wean's right of contribution was expressly recognized in this Court's May 22, 1980, opinion and therefore, under the law of the case doctrine, further consideration of the issue is precluded. We do not agree.

The law of the case doctrine provides that where an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts

remain materially the same. The doctrine applies only to those questions determined by an appellate court's prior decision and necessary to it. *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981).

In the previous appeal, Wean United challenged the grant of summary judgment requiring it to reimburse Liberty Mutual for compensation benefits paid to Grujovski. The primary issue addressed by the Court was whether the rule established in *Stafford v E W Bliss Co,* 86 Mich App 197; 272 NW2d 237 (1978),[3] applied despite the replacement of contributory negligence with comparative negligence. The Court answered in the affirmative, holding:

"Since contributory negligence may not be raised as a defense in a 418.827 based suit, neither may a degree or quantum of negligence (comparative negligence) be raised as a defense. If Liberty Mutual's alleged negligence is really the sole or partial proximate cause of the employee's injuries, Wean United, Inc., may, as stated in *Stafford,* recover in a contribution action."

Although the Court did mention a general right of contribution on the part of Wean United, a careful reading of that opinion discloses that the issue now raised was not squarely before the Court in the prior appeal. The law of the case doctrine is therefore inapplicable.

## III

We now turn to the substantive issue: Is Wean

---

[3] *Stafford v E W Bliss Co,* 86 Mich App 197; 272 NW2d 237 (1978), held that a carrier's contributory negligence does not bar its right to recover, under MCL 418.827; MSA 17.237(827), compensation payments which it has made to an injured employee.

entitled to a trial on its contribution claim against Liberty Mutual?

We first note that neither the current nor the former statute on contribution is applicable. The current statute, MCL 600.2925a; MSA 27A.2925(1), applies only to torts committed on or after January 1, 1975. The former statute, which was in effect at the time Grujovski was injured, is also inapplicable since it applied only to joint tortfeasors. Wean and Liberty Mutual are allegedly concurrent or several tortfeasors. See *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 331-332; 174 NW2d 797 (1970). We therefore look to the common law governing contribution.

The doctrine of contribution has its origins in equity. *Lorimer v Julius Knack Coal Co,* 246 Mich 214; 224 NW 362 (1929). In *Moyses, supra,* the Supreme Court abolished the common-law bar to contribution among severally liable tortfeasors and returned the doctrine of contribution among nonintentional tortfeasors to the original equitable rules. *Caldwell v Fox,* 394 Mich 401, 419-420; 231 NW2d 46 (1975).

The doctrine of contribution is based upon the equitable principle that:

"[O]ne who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares". *Caldwell, supra,* p 417.

Thus, equitable rules require that there be (1) a "common liability"[4] owed by the wrongdoers to the injured plaintiff and (2) payment or satisfaction by

[4] "Common liability" occurs where the injuries suffered by the plaintiff are not apportionable amongst the various defendants on any

the party seeking contribution of the entire obligation or more than his aliquot share of the common obligation. *Caldwell, supra;* 18 Am Jur 2d, Contribution, §§ 7-9, pp 16-22.

The allegations of Wean, if proven, are sufficient to establish a common liability. The critical question, then, is whether, pursuant to the settlement agreement, Wean satisfied the entire obligation to Grujovski or paid more than its aliquot share thereof. The trial court held that since the agreement specifically reserved Grujovski's rights against Liberty Mutual, the latter's potential liability had not been extinguished and contribution was therefore not available to Wean.

While it is true that the agreement expressly reserved Grujovski's rights against Liberty Mutual, the record discloses that the statute of limitations governing Grujovski's action had expired long before the agreement was signed. As a practical matter, Grujovski's ability to obtain damages against Liberty Mutual had been extinguished.

A careful reading of the settlement agreement indicates that the parties contemplated only a continuation of Wean's contribution action and not a subsequent direct action by Grujovski against Liberty Mutual.[5]

---

rational basis. Where two or more parties are responsible for an accident which produces a single indivisible injury, each individual wrongdoer may be held liable for the entire amount of the damages and thus each of the defendants shares a common liability with the others that are also responsible for the injury. *Caldwell v Fox,* 394 Mich 401, 420, fn 5; 231 NW2d 46 (1975).

[5] There appears to be no other explanation for the provision conveying a one-half interest in Wean's contribution claim to Grujovski. See fn 2, *supra.* Both Wean's contribution claim and a potential direct action by Grujovski against Liberty Mutual would be based on the same allegedly negligent conduct. If Grujovski had contemplated a subsequent direct action, why would he have negotiated for a portion of Wean's contribution claim? We conclude that the provision was included in recognition of the fact that a subsequent direct action would be barred by the statute of limitations.

Since the statute of limitations had run on Grujovski's claim against Liberty Mutual, and since the agreement expressly released Wean from liability, the functional purpose and impact of the agreement was to discharge both alleged tortfeasors from all liability for Grujovski's injuries. See *Criterion Ins Co v Laitala,* 658 P2d 112 (Alas, 1983). Wean's $160,000 payment does, therefore, represent an entire, though compromised, satisfaction of Grujovski's personal injury claim.

We conclude that Wean is entitled under the equitable rules of contribution to a trial on its allegations of negligence. Of course, we express no opinion on whether Wean can prove these allegations by a preponderance of the evidence.

Reversed and remanded for a trial on Wean's counter-complaint.