BERRY v CITY OF BELLEVILLE

Docket Nos. 105485, 106619. Submitted April 17, 1989, at Detroit. Decided July 18, 1989. Leave to appeal applied for.

Fred Berry was injured when the motorcycle he was riding was hit by a car driven by Nancy Donham. Her car had been parked in an indentation off Main Street, a Wayne County road. The indentation had been made by the City of Belleville when it blocked off the cross street to make a mall closed to traffic. The county road commission was aware of the indentation although the city did not obtain a permit from the road commission when it closed the cross street. Fred Berry and Sandra Berry brought an action in the Wayne Circuit Court against the city, the county road commission, and others, alleging that the intersection was under the jurisdiction of both the city and the road commission and was unsafe and alleging nuisance and nuisance per se. The road commission filed a cross-claim against the city based on the city's failure to obtain a permit which would have contractually granted summary disposition in favor of the city against plaintiffs, holding that the intersection was under the road commission's jurisdiction, and against the road commission, holding that no permit was required as the mall was constructed outside the county's right of way. The court, James E. Mies, J., denied the county's motion to amend its third-party complaint against the city to add counts of nuisance and negligence because further amendment would be futile. Plaintiffs appealed. The road commission appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. A highway may not be under concurrent jurisdiction. Plaintiffs agree that the highway was under the jurisdiction of the road commission. Thus, the highway exception to govern-

REFERENCES

Am Jur 2d, Contribution § 10; Estoppel and Waiver § 31; Highways, Streets, and Bridges §§ 65, 340 *et seq.*, 383.

Liability of municipality for failure to erect traffic warnings against entering or using street which is partially blocked or obstructed by construction or improvement work. 52 ALR2d 689.

mental immunity is not applicable to the city and governmental immunity is available to the city.

2. Even if plaintiffs sufficiently pled a cause of action in intentional nuisance, only the governmental agency which had jurisdiction over the road may be found liable. Thus, the court did not err in granting summary disposition against plaintiffs in favor of the city.

3. The city did not construct a "facility within the right of way of a county." Thus, no permit was required and the city was not required to indemnify the road commission.

4. The road commission had no cause of action against the city for contribution. In order for a right to contribution to exist, there must be joint and several liability in tort for an injury. Since the city was not liable to plaintiff, there was no joint and several liability.

Affirmed.

1. HIGHWAYS — GOVERNMENTAL AGENCIES — LIABILITY FOR FAILURE TO MAINTAIN HIGHWAYS — CONCURRENT JURISDICTION.

A governmental agency which has jurisdiction over a highway must maintain it in reasonable repair so that it is reasonably safe and convenient for public travel, and any person sustaining bodily injury or damage to his property by reason of failure of such agency to so maintain a highway may recover the damages suffered by him from the agency; there can be no concurrent jurisdiction over a highway (MCL 691.1402; MSA 3.996[102]).

2. HIGHWAYS — GOVERNMENTAL IMMUNITY — NEGLIGENCE — NUISANCE.

A governmental agency cannot be liable for negligence or nuisance with respect to a highway in an action arising from personal injuries incurred in an accident on the highway where the governmental agency lacks jurisdiction over the highway (MCL 691.1402; MSA 3.996[102]).

3. ESTOPPEL — GOVERNMENTAL AGENCIES.

A governmental agency may be estopped by its acquiescence.

4. CONTRIBUTION — JOINT AND SEVERAL LIABILITY.

The statute authorizing contribution requires that there be joint and several liability in tort for an injury (MCL 600.2925a; MSA 27A.2925[1]).

*Schefman & Miller, P.C.* (by *Neil P. Miller*), for plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Bernard P. McClorey*), for the City of Belleville.

*Samuel A. Turner,* Corporation Counsel, and *Sharon A. Kennedy,* Assistant Corporation Counsel, for Wayne County.

Before: DOCTOROFF, P.J., and HOOD and REILLY, JJ.

PER CURIAM. In Docket No. 105485, plaintiffs appeal from an order of summary disposition granted to defendants City of Belleville and Wayne County Road Commission pursuant to MCR 2.116(C)(7) and (8), entered on January 21, 1988. In Docket No. 106619, the road commission, as third-party plaintiff, appeals from an order of summary disposition in favor of third-party defendant Belleville, pursuant to MCR 2.116(C)(7), entered on January 22, 1988. Because these appeals arose from the same underlying case, they have been consolidated. We affirm both orders.

This case involves an accident in which plaintiff Fred Berry's 1975 Honda motorcycle was hit by a vehicle driven by Nancy Donham on July 11, 1985, at the intersection of Main Street and Fourth Street in the City of Belleville, Michigan. Berry sustained injuries as a result of this collision.

Belleville constructed a pedestrian mall along the easterly edge of Main Street and closed off Fourth Street at that point. An indentation was created at the end of the mall wherein cars would park, although it was not constructed for that purpose. Donham had been parked in that indentation, and when she pulled out onto Main Street, she struck Berry's motorcycle.

Main Street is a Wayne County road. Fourth Street is a Belleville street. Belleville did not

obtain a permit from the road commission for the construction of the mall because the construction was outside of the road commission's right of way. The road commission conceded that the pedestrian mall is outside of the county's right of way.

No parking signs of any kind were placed along the indentation, nor were any warnings posted. Phil Petix, department manager for the road commission, acknowledged that decisions regarding signage or parking space placement along county roads was the responsibility of the traffic and safety department of the road commission.

The road commission had notice of the pedestrian mall and the indentation at least by June 5, 1985. James Lilley testified that he noticed the completed construction, authored a memo and spoke with Joseph T. Leonard, permit construction engineer, concerning whether Belleville had a permit to construct the indentation into Fourth Street. Lilley believed that the intersection should have been closed by a continuous curb line along Main Street. Leonard then sent a memorandum, dated June 5, 1985, to Greg Harrison at the road commission's main office, suggesting that the plans of the mall should be obtained from Belleville and any necessary revisions should be determined by the main office. No further action was taken.

On June 20, 1986, Berry and his wife filed a complaint against Belleville, the road commission, Gator Construction and Design, Inc., and Resource Designs, Inc. Gator and Resource were later voluntarily dismissed without prejudice by stipulation of the parties. Plaintiffs alleged that the intersection of Main and Fourth Streets was under the jurisdiction of both Belleville and the road commission.

Belleville filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (8) and (10), alleging that jurisdiction over the intersection vested only

in the road commission. The road commission moved for leave to amend its answer and add a cross-complaint against Belleville based upon Belleville's alleged failure to obtain a permit for the construction of the mall, which would have contractually indemnified the road commission. Plaintiffs then moved to add a cause of action against Belleville and the road commission alleging the nuisance exception to governmental immunity.

Plaintiffs' and the road commission's motions to amend were granted. Plaintiffs' first amended complaint added claims of nuisance and nuisance per se against Belleville and the road commission.

Following a hearing on November 25, 1987, Belleville's motion for summary disposition was granted. The court held that, because the intersection was under the jurisdiction of the road commission, plaintiffs had no cause of action against Belleville.

Belleville, as third-party defendant, then filed a motion for summary disposition against third-party plaintiff road commission,[1] alleging that the city was not required to obtain a permit or to indemnify the road commission because the mall was constructed outside the road commission's right of way. The road commission then moved to amend its third-party complaint to add a count in nuisance and negligence.

Following a hearing on January 22, 1988, Belleville's motion for summary disposition was granted on the ground that the mall was constructed outside the county's right of way and no permit was

---

[1] We note that, because they were originally co-party defendants, technically Belleville and the road commission, for purposes of the cross-complaint, were cross-defendant and cross-plaintiff, respectively. See MCR 2.203(D) and MCR 2.204. Thus, for purposes of this appeal, we will treat them as cross-parties.

required. The court also held that the city was entitled to governmental immunity because there was no exception which applied. The court denied the road commission's motion to amend its third-party complaint because any amendment would be futile.

I

Plaintiffs raise two issues on appeal. Plaintiffs first argue that the trial court erred in granting Belleville's motion for summary disposition based on the fact that Belleville had no jurisdiction over the intersection. Plaintiffs contend that Belleville created and maintained the mall, the existence of which was the direct cause of Berry's injuries. Plaintiffs also claim that the court erred in granting summary disposition on the ground that plaintiffs failed to state a cause of action for intentional nuisance. We disagree.

Plaintiffs' first amended complaint pled the highway exception to governmental immunity and incorrectly alleged that the intersection of Main and Fourth Streets was under the jurisdiction of the City of Belleville. Plaintiffs now do not dispute that this intersection is within the jurisdiction of the road commission. MCL 691.1402; MSA 3.996(102), the highway exception to governmental immunity, provides, in pertinent part:

> Each governmental agency *having jurisdiction* over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. [Emphasis added.]

There can be no concurrent jurisdiction over highways. Where a city has no jurisdiction over a road, the highway exception is not applicable and governmental immunity is available to the city. *Austin v City of Romulus,* 101 Mich App 662, 667, 672; 300 NW2d 672 (1980), lv den 411 Mich 955 (1981). The recent Supreme Court case of *Killeen v Dep't of Transportation,* 432 Mich 1; 438 NW2d 233 (1989), does not change our conclusion in this case. *Killeen* concerned a situation where jurisdiction of a county road had been assumed by the Department of Transportation during road construction and then was relinquished back to the county. No such situation occurred in the instant case. Here, the road commission has sole and exclusive jurisdiction over the intersection and, thus, has the statutorily imposed duty and liability. If, indeed, a dangerous situation or nuisance were created by the indentation, it was the road commission's responsibility to put no parking or warning signs by the indentation to prevent the kinds of injuries the plaintiff suffered. Belleville had neither a duty nor an obligation to plaintiffs.

Addressing plaintiffs' second claim of error, even if plaintiffs sufficiently pled a cause of action in intentional nuisance against Belleville, only the governmental agency which has jurisdiction over the road can be found liable. *Lipka v Macomb Co Bd of Road Comm'rs,* 155 Mich App 624, 630; 400 NW2d 698 (1986), lv den 430 Mich 880 (1988). Thus, plaintiffs' argument is without merit. The trial court did not err in granting Belleville's motion for summary disposition.

II

The trial court held that, because the work performed by Belleville was not within the county.

right of way, Belleville did not need a permit to proceed with construction and there could be no cause of action arising out of the indemnification provisions of that permit. The court further held that the road commission failed to state a claim of contribution.

On appeal, the road commission first argues that the trial court erred in determining that the road commission failed to state a claim as to contractual indemnity. The road commission claims that, had Belleville complied with its obligation to obtain a permit, the road commission would have been indemnified from tort liability. The road commission contends that, even though the construction of the mall was not within the county's right of way, Belleville created a parking "facility" within the county's right of way which imposed a duty upon Belleville to obtain a permit and the road commission's approval. The road commission relies on MCL 224.19b(1); MSA 9.119(2)(1), which provides in pertinent part:

> A person, partnership, association, corporation or governmental entity shall not construct, operate, maintain or remove a *facility* or perform any other work within the right of way of a county road except sidewalk installation and repair without first obtaining a permit from the county road commission having jurisdiction over the road. [Emphasis added.]

When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded. The Legislature must have intended the meaning it plainly expressed and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983); *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). We decline

to interpret this statute as the road commission urges. We conclude that Belleville did not "construct" a "facility . . . within the right of way of a county road." Thus, Belleville was not required to obtain a permit to construct its mall from the road commission, nor was it required to indemnify the road commission.

Additionally, the road commission has failed to establish, and Belleville denies, that the indentation was intended to be a parking "facility." Even if the road commission had come forward with such proof, it is undisputed that the road commission, not Belleville, was solely responsible for signage and parking restrictions. The road commission cannot be indemnified for conduct that was entirely its own obligation. MCL 224.21; MSA 9.121. As the Supreme Court stated in *Killeen,* the injured person shall have a cause of action against the governmental agency which failed to keep the highway fit for travel.

Furthermore, the road commission had notice, at least by June 5, 1985, of the construction of the mall, the blockage of Fourth Street and the creation of an indentation. Yet, the road commission took no action to inform or demand from Belleville that it was required to obtain a permit. Neither did it erect any signage or parking restrictions inside the indentation. A governmental body may be estopped by its acquiescence. *Wiersma v Michigan Bell Telephone Co,* 156 Mich App 176, 185; 401 NW2d 265 (1986).

The road commission next claims that the trial court erred in granting Belleville's motion for summary disposition based on the road commission's failure to state a claim for contribution. The road commission contends that Belleville is liable in fact for the creation of the defect and that the road commission should be able to seek compensa-

tion. We agree that the Michigan statute authorizing contribution, MCL 600.2925a; MSA 27A.2925(1), established a substantive cause of action independent of the underlying suit which gave rise to it and unaffected by the governmental immunity statute. *Sziber v Stout,* 419 Mich 514, 528-529; 358 NW2d 330 (1984). However, the statutory requirements for contribution must be met. *Id.,* p 529. In order for the right of contribution to exist, there must be two or more persons who are "jointly and severally liable in tort for the same injury." Equitable rules require that there be a "common liability" between tortfeasors. *Caldwell v Fox,* 394 Mich 401, 417; 231 NW2d 46 (1975); *United States Fidelity & Guaranty Co v Liberty Mutual Ins Co,* 127 Mich App 365, 372-373; 339 NW2d 185 (1983), lv den 418 Mich 917 (1984).

In the instant case, Belleville is not liable to plaintiffs. Belleville neither owed nor breached a duty to plaintiffs. Whatever duty or breach might exist under the facts and circumstances of this case, the road commission was the governmental agency charged with the jurisdiction over the intersection and the obligation to maintain it in condition reasonably safe and fit for travel. Belleville cannot be a joint tortfeasor because it owed no duty. Thus, the road commission has no cause of action against Belleville for contribution. The trial court did not err in granting Belleville's motion for summary disposition.

We affirm the January 21, 1988, order of summary disposition entered in favor of defendants Belleville and road commission and against plaintiffs. We affirm the January 22, 1988, order of summary disposition entered in favor of third-party defendant Belleville and against third-party plaintiff road commission.