HARRIS v PENNSYLVANIA ERECTION & CONSTRUCTION

Docket No. 79306. Submitted February 5, 1985, at Detroit.—Decided June 19, 1985.

   Claimant, Ronald Harris, became disabled as the result of a job-related injury while working for respondent, Pennsylvania Erection & Construction. He was placed on disability leave and received workers' compensation benefits for approximately six months, at which time the insurer terminated those benefits. After his physician authorized him to return to work claimant sought work through his union. He was advised to file with the Michigan Employment Security Commission to preserve his unused credits weeks, and he filed for benefits on March 18, 1983. The MESC held that the claimant was ineligible for unemployment compensation benefits because he had not filed to preserve his credit weeks within 45 days after his disability occurred. Harris appealed to the Oakland Circuit Court, which affirmed the denial of eligibility for benefits, Steven N. Andrews, J. Claimant appealed, alleging that a 1983 amendment to MCL 421.28a(6), allowing a claimant 90 days following commencement of his unemployment to file for benefits, rather than the previously-allowed 45 days, should be applied retroactively. Held:

   1. Both the MESC and the trial court mistakenly relied upon MCL 421.28a(1) in denying claimant's application. MCL 421.28a(6) is the proper subsection controlling where a claimant is first disabled and becomes unemployed when his period of disability ends.

   2. The 1983 amendment of MCL 421.28a(6), although relating to a procedural rule rather than changing a substantive right, should nonetheless be given prospective application only. The Legislature clearly provided that the amendment was to be-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] Am Jur 2d, Unemployment Compensation § 32 et seq.
   Injured person's receipt of statutory disability unemployment bene-
   fits as affected by recovery against tortfeasor. 4 ALR3d 535.
[2] Am Jur 2d, Appeal and Error § 545 et seq.
   See the annotations in the ALR3d and 4th Quick Index under
   Appeal and Error.
[3] Am Jur 2d, Statutes § 347 et seq.

come effective as of July 24, 1983. Thus, the claimant was required to have preserved his unused credit weeks by filing within 45 days after commencement of his unemployment.

3. Because it is unclear from the record when claimant's disability leave terminated and he thus became unemployed for purposes of the statute, the case is remanded for a further hearing to determine that date. If he filed within 45 days of that date the MESC is to consider his application as timely; if not, the order of the MESC is affirmed.

Remanded.

1. UNEMPLOYMENT COMPENSATION — DISABILITY — PRESERVATION OF CREDIT WEEKS.

A person who is on medical disability leave from his employment and who, when his disability ends, is unemployed because no work is available at that time may be deemed to qualify for the preservation of credit weeks, earned in the 52-week period prior to going on disability, toward collection of unemployment compensation benefits (MCL 421.28a[6], 421.48; MSA 17.530[1][6], 17.552).

2. APPEAL — ISSUES NOT PRESERVED FOR APPEAL.

Generally, the Court of Appeals will not consider issues that have not been preserved for appellate review; however, the Court will consider such an issue where such consideration is necessary to a proper determination of the case and where the question is one of law and may be decided without reference to material issues of fact in dispute.

3. STATUTES — RETROACTIVITY — AMENDMENT OF STATUTES.

Retroactive application of a statutory amendment is generally favored where the amendment relates to a procedural rule rather than a substantive right, absent any evidence of a contrary legislative intent.

4. UNEMPLOYMENT COMPENSATION — DISABILITY — PRESERVATION OF CREDIT WEEKS.

A statutory amendment which allowed an unemployed worker who has been disabled 90 days after commencement of unemployment in which to file for preservation of unused credit weeks, rather than the 45 days previously allowed, was clearly intended by the Legislature not to be applied retroactively (MCL 421.28a[6], 421.72; MSA 17.530[1][6], 17.569[22]).

*Milan, Miller, Berger, Brody, & Miller, P.C. (by Martin M. Miller), for claimant.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jack Blumenkopf,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: BRONSON, P.J., and M. J. KELLY and S. J. LATREILLE,* JJ.

PER CURIAM. Claimant appeals as of right from a circuit court order affirming a decision of the Board of Review of the Michigan Employment Security Commission holding claimant ineligible for unemployment compensation benefits because he had failed to preserve his unused credit weeks in a timely fashion. We remand for further proceedings consistent with this opinion.

Claimant was employed by respondent Pennsylvania Erection & Construction as a boilermaker general foreman from December 5, 1981, to April 7, 1982. He injured his back during the course of his employment on March 15, 1982, and by April 7, 1982, was unable to continue working due to the resulting pain. Claimant was subsequently hospitalized and underwent surgery on April 13, 1982. According to the findings of fact of the MESC referee, adopted by the Board of Review, claimant was placed on disability leave and received workers' compensation benefits until terminated by the insurance carrier sometime in October of 1982. According to the transcript of the hearing before the commission, claimant pursued an administrative challenge to the termination of the workers' compensation benefits. The resolution of that claim is not indicated in the record before us but it is clear that claimant remained disabled until February 2, 1983, when his physician authorized him to return to work.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Claimant sought work through his union and at some point learned that he should file with the MESC to preserve his unused credit weeks. Claimant filed on March 18, 1983, but his application was denied by the referee for failure to timely file "within the 45-day time limit allowed *after date disability* occurred". (Emphasis added.) Claimant petitioned the Board of Review, which affirmed, as did the circuit court.

The provision of the Michigan Employment Security Act allowing for the preservation of credit was added by 1979 PA 28, MCL 421.28a; MSA 17.530(1), amended by 1983 PA 164, which also amended various other sections of the Michigan Employment Security Act. In both its original and amended forms, § 28a created an exception to MCL 421.46; MSA 17.550, which provides that credit weeks are to be derived from the 52-week period immediately preceding application for unemployment benefits. Under certain circumstances, a period of continuous and involuntary disability would be disregarded in computing the 52-week period for determining eligibility.

Both the trial court and the referee mistakenly relied upon subsection 1 of § 28a in denying claimant's application for preservation of unused credit. As noted in *Kempf v Michigan Bell Telephone Co,* 137 Mich App 574, 577-578; 358 NW2d 378 (1984), subsection 1 applies to a claimant who, after establishing a benefit year and while collecting unemployment benefits, becomes disabled. Subsection 1 allows that claimant to preserve all unused credit weeks until the period of disability ends. Subsection 6, however, applies where the claimant is unable to establish a benefit year because of a disability immediately preceding application for benefits. This is the situation in the instant case.

As originally enacted, § 28a(6) provided:

"An unemployed individual who has been unable to establish a benefit year solely due to a period of continuous disability may preserve all credit weeks earned by the individual in the 52 week period preceding the individual's first week of unemployment, as defined in section 48, caused by the disability. However, credit weeks may be preserved if the commission receives a written request and a physician's statement, as described in subsections (1) and (2) *within 45 days after the commencement of the unemployment, or if the individual is unable to submit the written statement and request due to a medical inability, within 45 days after the end of that medical inability.* The individual's benefit year shall begin the first week the individual was both unemployed and disabled, and the benefit year shall be extended pursuant to subsection (4)." (Emphasis added.)

This subsection was later amended to provide:

"An unemployed individual who has been unable to establish a benefit year solely due to a period of continuous disability may preserve all credit weeks earned by the individual in the 52 week period preceding the individual's first week of unemployment, as defined in section 48, caused by the disability. However, credit weeks may be preserved if the commission receives a written request and a physician's statement, as described in subsections (1) and (2) *within 90 days after the commencement of the unemployment, within 90 days after being advised of his or her rights by the commission, or if the individual is unable to submit the written statement and request due to a medical inability, within 90 days after the end of that medical inability.* The individual's benefit year shall begin the first week the individual was both unemployed and disabled, and the benefit year shall be extended pursuant to subsection (4)." (Emphasis added.)

Claimant argues, for the first time on appeal, that the 1983 amendment should be given retroactive effect because it relates solely to remedies or

modes of procedure and does not change a substantive right. *Denham v Bedford,* 407 Mich 517, 529; 287 NW2d 168 (1980); *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 601; 281 NW2d 454 (1979). He then reasons that since he was unaware of his right to preserve unused credit weeks and was never advised of this right by the commission, his application for credit should have been granted as timely filed. We generally decline to consider issues that have not been preserved for appellate review. We will, however, depart from this general rule where, as here, consideration of the claim is necessary to a proper determination of the case and where the question is one of law and may be decided without reference to material issues of fact in dispute. See *Trail Clinic, PC v Bloch,* 114 Mich App 700, 711-712; 319 NW2d 638 (1982), *lv den* 417 Mich 959 (1983).

It is true, as claimant contends, that the 1983 amendment to § 28a relates to a procedural rule rather than a substantive right and that under well-established principles of case law, *Denham v Bedford, supra; Kalamazoo City Education Ass'n v Kalamazoo Public Schools, supra,* retroactive application is generally favored absent any evidence of a contrary legislative intent. We are persuaded, however, that MCL 421.72; MSA 17.569(22) expresses a contrary legislative intent regarding the effective date of § 28a. That section as amended by 1983 PA 164, given immediate effect July 24, 1983, provides:

"(1) Except as otherwise provided in this section and the 1983 amendatory act which added this section, the 1983 amendatory act which added this section shall take effect upon its date of enactment.

"(2) The amendments made to section 43(g) by the 1983 amendatory act which added this section shall take effect January 1, 1983.

"(3) The amendments made to sections 14, 15, 18, 21, 22a, 24, 32a, 33, 34, and 49 by the 1983 amendatory act which added this section which amendments provide for the extension of certain appeal periods from 20 to 30 days shall take effect October 1, 1983."

Had the Legislature intended § 28a to be given retroactive effect it could easily have said so in MCL 421.72; MSA 17.569(22). Instead, the Legislature clearly provided that the 90-day filing limitation become effective July 24, 1983, and we are bound by that directive. Because claimant's application for benefits was filed in March of 1983, the 45-day filing requirement set forth in preamended § 28a applies.

Under subsection 6 of § 28a, claimant was required to have preserved his unused credit weeks within 45 days after the commencement of his unemployment (and not after the date the disability occurred). See *Kempf v Michigan Bell, supra.* As defined in MCL 421.48; MSA 17.552, unemployment does not include "any leave of absence from work granted by an employer either at the request of the individual or pursuant to an agreement with the individual's duly authorized bargaining agent, or in accordance with law". Claimant was required to preserve his credit weeks 45 days after his disability leave of absence had terminated. It is not disputed in the instant case that claimant was on disability leave throughout most of 1982. What is not clear from the record, however, is the precise date on which that disability leave terminated. According to the referee's findings of fact, claimant's leave of absence ended in October of 1982 while claimant was still disabled. However, claimant alleges in his brief on appeal that, at the time of filing the brief, he was receiving workers' compensation disability benefits "for an indefinite

period" of time. Testimony at the hearing before the referee reveals that claimant was at that time pursuing an administrative challenge to the termination of his workers' compensation benefits. Inasmuch as the date on which claimant's disability leave was finally terminated is not clear from this record, we remand for a hearing to determine that date. If it is found that claimant applied for benefits within 45 days after the termination of his leave, then the MESC is directed to consider claimant's application as timely filed. If, on the other hand, claimant failed to apply within 45 days after his leave had terminated, then the MESC order is affirmed.

Remanded.