AUTOMOBILE CLUB INSURANCE ASSOCIATION v PAGE

Docket No. 91549. Submitted June 17, 1987, at Detroit. Decided September 8, 1987.

Patricia Page was injured when her uninsured vehicle was involved in a collision with another uninsured vehicle. Page sought derivative uninsured motorist benefits from the Automobile Club Insurance Association under a no-fault insurance policy issued to Page's cousin on the basis that Page was an insured under that policy because Page and her cousin lived in the same home. The Automobile Club Insurance Association denied the claim on the basis that Page was not an insured person within the meaning of her cousin's policy and, thereafter, sought a declaratory judgment in Wayne Circuit Court, seeking a determination that Page was disqualified from receiving uninsured motorist benefits under her cousin's policy. Defendant answered, seeking an order to force arbitration of her claim. Both plaintiff and defendant moved for summary disposition. The trial court, Paul S. Teranes, J., concluding that the policy's language was ambiguous, denied plaintiff's motion and granted defendant's motion, ordering arbitration of defendant's claim for benefits. Plaintiff appealed. On appeal, plaintiff for the first time argued that the "owned vehicle" exclusion in the policy issued to defendant's cousin precluded any recovery by defendant.

The Court of Appeals *held:*

1. While generally issues raised for the first time on appeal will not be considered, where the question is one of law which can be decided without reference to any material issue of fact that may be in dispute and review is necessary to a proper determination of the case, the Court of Appeals will consider

REFERENCES

Am Jur 2d, Appeal and Error §§ 820 et seq.

Am Jur 2d, Automobile Insurance §§ 225 et seq.; 340 et seq.

Uninsured motorist coverage: validity of exclusion of injuries sustained by insured while occupying "owned" vehicle not insured by the policy. 30 ALR4th 172.

Unlicensed automobile owned by insured as "owned automobile" within language of automobile liability insurance. 21 ALR4th 918.

the issue. Since declaratory judgment actions are reviewed de novo and the question presented relative to whether coverage is precluded by the owned vehicle exclusion clause is a question of law, review of that question is proper.

2. Owned vehicle exclusion clauses are valid so long as they are clear and unambiguous, employing easily understood terms and plain language. The language in the policy at issue unambiguously indicated that uninsured motorist coverage would not apply to bodily injuries sustained by an insured while occupying a motor vehicle owned by the insured or a relative other than the vehicle named in the policy declaration.

Reversed and remanded.

1. APPEAL — PRESERVING QUESTION.

Generally, the Court of Appeals will not consider issues that have not been preserved for appellate review; however, the Court will consider such an issue where such consideration is necessary to a proper determination of the case and where the question is one of law and may be decided without reference to material issues of fact in dispute.

2. INSURANCE — NO-FAULT — EXCLUSIONS — OWNED VEHICLE.

"Owned vehicle" exclusion clauses in automobile no-fault insurance policies are valid so long as they are clear and unambiguous, employing easily understood terms and plain language.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Dennis M. Killeen*), and *Gromek, Bendure & Thomas* (by *Daniel J. Wright*), of Counsel, for plaintiff.

*Gerald R. Goulet,* for defendant.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

WEAVER, J. Plaintiff, Automobile Club Insurance Association, appeals from an order of the Wayne Circuit Court which denied its motion for summary disposition and granted defendant's motion for arbitration. We reverse and remand.

* Circuit judge, sitting on the Court of Appeals by assignment.

I

On October 23, 1983, defendant was injured in a collision with an uninsured motorist. Although defendant's vehicle was not insured, she sought derivative uninsured motorist benefits from plaintiff under her cousin's automobile insurance policy, claiming such entitlement because they lived in the same home. Plaintiff refused these benefits on the basis that defendant was not an "insured person" within the meaning of her cousin's policy.

Plaintiff then sought declaratory judgment in Wayne Circuit Court, seeking a determination that defendant was disqualified from recovering uninsured motorist benefits under her cousin's policy. Defendant answered, seeking an order to force plaintiff's arbitration of her claim. Both parties brought cross motions for summary relief. Upon concluding that the policy's language was ambiguous, the court denied plaintiff's motion and granted defendant's motion, ordering plaintiff to arbitrate defendant's claim. From entry of this order plaintiff appeals as of right.

II

Plaintiff argues for the first time on appeal that an "owned vehicle" exclusion clause in the cousin's policy precludes any recovery by defendant and that under a de novo standard of review this Court may review the issue. Plaintiff also argues that, because the policy's language, read as a whole and including the owned vehicle exclusion clause, clearly and unambiguously denied coverage to defendant, the circuit court erred in granting declaratory relief in favor of defendant. We agree.

Actions in the nature of declaratory judgments are reviewed de novo by this Court. *Smith v*

*Lumbermen's Mutual Ins Co,* 101 Mich App 78, 86; 300 NW2d 457 (1980), lv den 411 Mich 873 (1981). Although we generally will not review issues raised for the first time on appeal, where the question is one of law which is to be decided without reference to material issues of fact in dispute and review is necessary to a proper determination of the case, we will consider the issue. *Harris v Pennsylvania Erection & Construction,* 143 Mich App 790, 795; 372 NW2d 663 (1985).

Here, both reasons persuade us to review the issue. Since this action is in the nature of a declaratory judgment, de novo review is proper. In addition, the question presented is one of law to be decided without reference to material issues of fact in dispute.

The only fact in dispute at the trial court level was whether or not defendant was an "insured person" under her cousin's policy. Since plaintiff no longer argues that defendant is not an "insured person," but instead states that such determination is irrelevant, this fact is no longer in dispute. Therefore the question becomes one of contract construction.

Construction of a contract containing unambiguous language is a question of law for the court. *Craib v Committee on National Missions of the United Presbyterian Church,* 62 Mich App 617, 620; 233 NW2d 674 (1975). In this case, the language of the policy was unambiguous, and, therefore, the question present is a question of law subject to our review. The owned vehicle exclusion clause found in the uninsured motorist insurance coverage of the policy at issue provides:

This coverage does not apply to bodily injury sustained by an Insured person:
while occupying a motor vehicle which is owned

by you or a relative unless that motor vehicle is YOUR CAR . . . .

On page three of the policy, "YOUR CAR" is defined as "the vehicle described on the Declaration Certificate."

Owned vehicle exclusion clauses are valid so long as they are clear and unambiguous, employing easily understood terms and plain language. *Raska v Farm Bureau Mutual Ins Co,* 412 Mich 355, 362; 314 NW2d 440 (1982). See also *Powers v Detroit Automobile Inter-Ins Exchange,* 427 Mich 602, 623-624, 628-629; 398 NW2d 411 (1986). In this case, the owned vehicle exclusion clause was clear and unambiguous, because it admitted of but one interpretation, plainly stating that uninsured motorist benefits would not accrue for injuries sustained by the use of a car owned by the policyholder or a relative unless that car was the car named in the declaration certificate of the policy. Because the language of the policy was clear and unambiguous, defendant had no reasonable expectation that her own uninsured vehicle would be covered under her cousin's policy. Whether or not defendant actually believed this to be the case is immaterial.

Reversed and remanded.