ALLEN v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 103163. Submitted July 13, 1988, at Detroit. Decided
September 12, 1988.

Kim Allen was injured while a passenger in an uninsured auto-
mobile owned and operated by her sister when the automobile
collided with a tree. Both she, who did not own an automobile,
and her sister resided with their mother. Allen filed a claim for
no-fault benefits under her mother's no-fault policy issued by
Auto Club Insurance Association for an automobile owned by
her mother. Auto Club Insurance denied her claim for unin-
sured motorist coverage. She brought an action against Auto
Club in the Wayne Circuit Court. Defendant opposed the action
on two grounds: (1) the automobile owned by plaintiff's sister
was not an "uninsured motor vehicle" as defined in the policy
and, hence, plaintiff was not entitled to coverage; and (2) the
owned vehicle exclusion applied to the accident. The court,
Kathleen I. MacDonald, J., granted summary disposition to
plaintiff, holding that the exclusionary clause defeated the
named insured's reasonable expectation that her family would
have coverage in an uninsured vehicle. Defendant appealed.

The Court of Appeals *held:*

The rule of reasonable expectation is adjunct to other rules
of construction requiring a court to construe the policy by
resolving doubt as to its meaning against the insurer and
requiring the insurer to draft the policy to make clear the
extent of nonliability under an exclusionary clause. The policy
fairly admits of but one interpretation, that being that plaintiff
was not entitled to coverage for an injury sustained while
occupying her sister's uninsured automobile. The court should
have granted summary disposition to defendant.

Reversed.

1. APPEAL — COURTS — PRECEDENT.

A majority of the Supreme Court must agree on a ground for

REFERENCES

Am Jur 2d, Automobile Insurance §§ 2-4, 351, 353; Courts §§ 192,
195.

Effect of statutory exclusion, from personal injury protection of no-
fault insurance coverage, of owner, registrant, or occupant of
uninsured vehicle. 27 ALR4th 176.

decision in order to make that binding precedent for future cases; if there is merely a majority for a particular result, then the parties to the case are bound by the judgment but the case is not authority beyond the immediate parties.

2. INSURANCE — JUDICIAL CONSTRUCTION.
   A clause in an insurance policy that is clear, unambiguous and not in contravention of public policy will be enforced according to its terms.

3. INSURANCE — NO-FAULT — EXCLUSIONS — OWNED VEHICLE.
   "Owned vehicle" exclusion clauses in automobile no-fault insurance policies are valid so long as they are clear and unambiguous, employing easily understood terms and plain language.

*Leland Prince,* for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Eugene R. Hom*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of Counsel, for defendant.

Before: GRIBBS, P.J., and SHEPHERD and J. R. COOPER,* JJ.

PER CURIAM. Defendant Auto Club Insurance Association appeals as of right from a Wayne Circuit Court order denying its motion for summary disposition under MCR 2.116(C)(8) and (10) and granting plaintiff Kim Allen's motion under MCR 2.116(C)(9). The trial court determined that defendant must provide uninsured motorists coverage to plaintiff under a no-fault insurance policy issued by defendant to plaintiff's mother. We reverse.

On March 15, 1985, plaintiff was injured while a passenger in an uninsured automobile owned and operated by her sister when the automobile collided with a tree. Both plaintiff, who did not own an automobile, and her sister resided with their

* Circuit judge, sitting on the Court of Appeals by assignment.

mother. Plaintiff filed a claim for no-fault benefits under her mother's no-fault policy issued by defendant for an automobile owned by plaintiff's mother. Defendant denied plaintiff's claim for uninsured motorist coverage.

Plaintiff then commenced this action seeking a declaration that she was entitled to coverage. Defendant opposed the action on two grounds: (1) a claim that the automobile owned by plaintiff's sister was not an "uninsured motor vehicle" as defined in the policy and, hence, plaintiff was not entitled to coverage, and (2) in any event, a claim that the following so-called owned vehicle exclusion applied to the accident:

> The insurance afforded by this [uninsured motorists] coverage does not apply:
>
> * * *
>
> (b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile;

Relying on *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), and in particular the concurring opinion of Justice LEVIN, the trial court held that plaintiff was entitled to coverage because the exclusionary clause defeated the named insured's reasonable expectation that her family would have coverage in an uninsured motor vehicle. We find that the trial court erred as a matter of law in finding the exclusionary clause invalid and that summary disposition should have been granted in favor of defendant.

Initially, we note that the decision in *Powers* was not a majority decision and, thus, is not binding precedent. See *DeMaria v Auto Club Ins*

*Ass'n (On Remand),* 165 Mich App 251; 418 NW2d 398 (1987). Further, while *Powers* also involved the validity of an owned vehicle exclusion to uninsured motorist coverage, the language of the exclusionary clause in this case is distinguishable in that it does not use "non-owned automobile" language, the meaning of which was a central issue in *Powers.* Thus, while we find the general principles in *Powers* useful in analyzing the policy in this case, we do not find the reasoning of *Powers* controlling.

The rule of reasonable expectation relied on by the trial court is one which presumes that the policyholder read the contract language. It requires a court to ascertain the meaning of a policy provision as reasonably expected by the insured. *Powers, supra,* pp 631-632. This rule is adjunct to other rules of construction requiring a court to construe the policy by resolving doubt as to its meaning against the insurer and requiring the insurer to draft the policy to make clear the extent of nonliability under an exclusionary clause. *Powers, supra,* pp 623, 632. Further, it remains a settled rule that an insurance clause in a policy that is clear, unambiguous and not in contravention of public policy will be enforced according to its terms. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 361-362; 314 NW2d 440 (1982).

Owned vehicle exclusion clauses have been upheld as valid so long as the clauses satisfied the requirement of clarity and unambiguity and employed easily-understood and plain language. *Automobile Club Ins Ass'n v Page,* 162 Mich App 664, 668; 413 NW2d 472 (1987). If a reading of the entire contract of insurance fairly admits of but one interpretation, it may not be said that the

clause is ambiguous or fatally unclear. *Raska, supra,* p 362.

The owned vehicle exclusion clause in question here is in the section of the policy establishing coverage for injuries sustained by an insured when caused by accident and arising out of the ownership, maintenance or use of an "uninsured motor vehicle." Since "uninsured motor vehicle" is defined in the section as excluding "an insured automobile or an automobile owned by or furnished for the regular use of the named insured or a relative" and plaintiff's sister is a "relative" as defined in the policy, we find merit in defendant's argument that the uninsured motorists coverage section does not apply to plaintiff's claim at all. On its face, it seems clear enough that the definition of "uninsured motor vehicle" did not apply to the automobile owned by plaintiff's sister.

Our consideration of the disputed owned vehicle exclusion clause further demonstrates that the policy fairly admits of but one interpretation, that being that plaintiff was not entitled to coverage for an injury sustained while occupying her sister's uninsured automobile. The exclusion plainly excludes bodily injuries to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or relative residing in the same household. Plaintiff was an "insured" as defined in the policy, and her sister was a "relative." Accordingly, the central question is whether her sister's automobile was an "insured automobile." If it was not, and assuming that plaintiff can otherwise recover uninsured motorists benefits, then the exclusion applies to except plaintiff's claim from coverage.

"Insured automobile" is defined in the section on uninsured motorists coverage as follows:

(1) an automobile described in the Declaration Certificate,

(2) a private passenger, farm, or utility automobile, ownership of which is acquired by the named insured during the policy period, provided . . . .

(3) a temporary substitute automobile for an insured automobile as defined in (1) or (2) above, and

(4) a non-owned automobile while being operated by the named insured; and the term "insured automobile" includes a trailer while being used with an automobile described in (1), (2), (3) or (4) above, but shall not include:

(a) any automobile or trailer owned by a resident of the same household as the named insured.

Plaintiff has failed to identify any of the above definitions of "insured automobile" which even arguably apply to her sister's automobile. Plaintiff's argument that the "non-owned automobile" language in paragraph (4) supports a finding that the exclusion should be held invalid under the rationale of *Powers* is without merit since paragraph (4) applies only to a nonowned automobile which is operated by a "named insured." A "named insured" is defined in the policy as the individual named in the declaration certificate or a spouse. Since plaintiff's sister does not fit this definition, paragraph (4) is inapplicable to this case and any ambiguity in the meaning of "non-owned automobile" is irrelevant.

We conclude that the language of the policy, as applicable to this case, is clear and unambiguous. A fair reading of the policy does not support the trial court's determination that plaintiff's mother had a reasonable expectation that plaintiff would be covered in her sister's uninsured automobile. The automobile owned by plaintiff's sister was not an "uninsured motor vehicle" as defined in the

policy and, even if it was, the exclusion plainly excepts the injuries sustained by plaintiff while occupying the automobile from uninsured motorists coverage. Accordingly, the trial court erred in granting summary disposition in favor of plaintiff. As a matter of law, summary disposition should have been granted in favor of defendant. We do not wish to imply that the language is clear to the most unsophisticated policyholder. We only say that it is clear to us from an objective reading of the words of the policy that there is no coverage.

Reversed.