AUTO-OWNERS INSURANCE COMPANY v JOHNSON ESTATE

Docket No. 112323. Submitted November 9, 1989, at Grand Rapids. Decided January 25, 1990.

Auto-Owners Insurance Company commenced a declaratory judgment action in Kent Circuit Court, naming the estate of Sharon Ann Johnson as defendant and seeking a determination whether the "owned vehicle" clause in the policy it had issued to the deceased precluded liability under the uninsured and underinsured motorist coverage provisions of the policy. Defendant denied validity of the "owned vehicle" exclusion and raised the defense that the court lacked jurisdiction because the matter was subject to arbitration. Plaintiff moved for summary disposition. The trial court, Robert A. Benson, J., held that the court had jurisdiction and that the policy clearly and unambiguously precluded coverage where, as was the case here, the deceased was operating an automobile owned by her husband. Defendant appealed.

The Court of Appeals *held:*

1. The arbitration clause in the insurance policy did not provide for arbitration of the question whether the terms of the policy afforded coverage. Accordingly, the trial court properly decided that it had jurisdiction to decide the dispute.

2. The policy language clearly precluded coverage where, as here, the deceased was operating an automobile owned by her husband.

Affirmed.

INSURANCE — NO-FAULT — EXCLUSIONS — OWNED VEHICLE.

"Owned vehicle" exclusion clauses in automobile no-fault insurance policies are valid so long as they are clear and unambiguous, employing easily understood terms and plain language.

*Linsey, Strain & Worsfold, P.C.* (by *Donald R. Worsfold*), for plaintiff.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 136, 322, 361.

See the Index to Annotations under Automobile Insurance; No-Fault Insurance.

*Walton, Smith, Phillips & Dixon, P.C.* (by *Thomas L. Phillips*), for defendant.

Before: MAHER, P.J., and HOLBROOK, JR., and SAWYER, JJ.

PER CURIAM. In this action for declaratory relief, the circuit court determined that an automobile insurance policy issued by plaintiff afforded no coverage for uninsured and underinsured motorist benefits sought by defendant and, accordingly, granted summary disposition in plaintiff's favor. We affirm.

Defendant argues that the dispute should have been arbitrated pursuant to the terms of the policy. In order to find that a particular issue is subject to arbitration, it must be determined that the disputed issue arguably falls within the scope of the arbitration clause of the contract. See *Northland Ins Co v Sny,* 98 Mich App 507; 296 NW2d 292 (1980). Here the arbitration clause pertained only to those issues of the liability of the uninsured or underinsured third-party tortfeasor and the extent of damages sustained by the insured for which the third party is legally responsible. Given the clearly defined scope of the arbitration clause, the circuit court properly concluded that the disputed issue in this case—whether the terms of the policy afforded coverage—fell outside the scope of arbitration.

Defendant argues that the terms of the policy failed to exclude coverage in clear and unambiguous terms. The policy excluded coverage for bodily injury sustained by an insured "while in, upon, entering or alighting from any motor vehicle owned by the named insured [or] spouse . . . unless a premium charge for this coverage is shown in the Declarations for such vehi-

cle." It is undisputed that defendant's decedent, the named insured under the policy in question, was driving her husband's automobile at the time of the fatal accident. That automobile is not listed on the declarations page, and no premium was paid for it.

When clear and unambiguous, an owned vehicle exclusion clause is valid and enforceable. *Allen v Auto Club Ins Ass'n,* 175 Mich App 206, 209; 437 NW2d 263 (1988), lv den 432 Mich 928 (1989); *Auto Club Ins Ass'n v Page,* 162 Mich App 664, 668; 413 NW2d 472 (1987). We discern no difficulty in ascertaining the meaning of the exclusionary language. Because a reading of this clause in the context of the other provisions of the policy fairly admits only one interpretation, it cannot be said to be ambiguous. See *Auto Club Ins Ass'n v DeLaGarza,* 433 Mich 208, 213; 444 NW2d 803 (1989). Although defendant claims that the other insurance clause was misleading as to coverage, that clause contemplates a situation, unlike this case, where coverage is afforded by more than one policy. It says nothing inconsistent with the exclusionary clause and affords an insured no reasonable expectation grounded in the wording of the policy that coverage will be forthcoming under the circumstances presented by this case.

Interpretation of an unambiguous insurance contract presents a question of law for the court to decide. *Page, supra,* p 662. Having reviewed defendant's claims of ambiguity in light of the terms of the policy, we conclude as a matter of law that coverage for this claim for uninsured and underinsured benefits was excluded.

Affirmed.