61 F.3d 903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HARVEY OIL COMPANY, Plaintiff-Appellant,
v.
FEDERATED MUTUAL INSURANCE COMPANY, Defendant-Appellee.
 No. 93-2581.
 United States Court of Appeals, Sixth Circuit.
 July 20, 1995.
 
 1
 Before: JONES and SILER, Circuit Judges; WISEMAN, District Judge.*
 
 
 2
 PER CURIAM. Plaintiff, Harvey Oil Company ("Harvey Oil"), appeals the district court's grant of summary judgment in favor of defendant, Federated Mutual Insurance Company ("Federated"). The primary issue concerns coverage of an insurance policy for pollution. For reasons stated herein, we affirm.
 
 I.
 
 3
 Prior to April 9, 1990, Harvey Oil operated and maintained underground petroleum storage tanks. Federated insured Harvey Oil from October 3, 1982, through October 3, 1986, under a general liability "occurrence" pollution policy, No. 973586. Federated insured Harvey Oil from October 3, 1986, through April 6, 1993, under a "claims-made" policy, No. 728859 ("Policy").
 
 
 4
 As of October 3, 1989, the Policy included an endorsement that required Harvey Oil to obtain coverage under any available governmental funding program for pollution losses from petroleum storage tank systems. The endorsement, a coordination of benefits clause ("COB clause"), stated that "any sum payable by a governmental funding program ... shall reduce the Limits of Insurance [of the Policy] ... by a corresponding amount if such payment would otherwise have been made under this insurance."
 
 
 5
 In a letter dated January 31, 1990, Federated informed Harvey Oil that the Michigan Underground Storage Tank Financial Assurance Fund ("MUSTFA") had been established. Federated also informed Harvey Oil that MUSTFA coverage was comparable to the coverage provided by the Policy, and, since Federated did not intend to compete with the MUSTFA fund, it would no longer offer pollution liability coverage for underground tanks in Michigan. Harvey Oil renewed the Policy for the period of April 3, 1990, through October 3, 1990. Harvey Oil properly qualified for participation in MUSTFA. Harvey Oil contends that, to qualify for MUSTFA funding, it had to pay 7/8 cents per gallon to the State of Michigan, or about $50,000 per year.[1]
 
 
 6
 Harvey Oil first discovered petroleum contamination on its property on April 6, 1990, during routine testing of a monitoring well on the property. Harvey Oil promptly notified Federated of the problem. Federated first refused coverage under the "occurrence" policy, because the contamination was not discovered until April 6, 1990, and Federated claimed that Harvey Oil failed to establish that the leak occurred during the period of the occurrence policy coverage, October 3, 1982, to October 3, 1986. Federated also refused coverage under the "claims-made" Policy, asserting that Harvey Oil had not provided documentation to support that the leak in the underground storage tank commenced subsequent to the retroactive date of October 3, 1986.
 
 
 7
 Harvey Oil filed a state action for breach of contract against Federated. The cause was removed to federal court, and Harvey Oil filed an amended complaint, seeking damages for breach of contract under both policies and a declaratory judgment setting forth the rights and responsibilities of the parties under the "claims-made" Policy.
 
 
 8
 The district court granted summary judgment in favor of Federated, holding that, even if Harvey Oil could establish that the release commenced subsequent to the retroactive date of October 3, 1986, the COB endorsement of the claims-made Policy precluded coverage. The district court declined to rule on the issue of whether Harvey Oil had presented sufficient evidence to establish a genuine issue of material fact as to when the petroleum release commenced.
 
 
 9
 As for the breach of contract claim with respect to the occurrence policy, neither party addressed this policy in its respective summary judgment motion or brief. The occurrence policy insured Harvey Oil against pollution clean-up expenses resulting from a direct loss in any one occurrence and against all sums which Harvey Oil shall become legally obligated to pay as damages because of bodily injury or property damaged. The district court noted that, as of the date the court issued its opinion, the MUSTFA fund was covering the costs of clean-up, and whether Harvey Oil's damages would exceed the MUSTFA fund was speculative. Because Harvey Oil had not yet suffered any actual injuries related to the alleged breach of the occurrence policy, the district court dismissed without prejudice Harvey Oil's breach of contract claim with respect to that policy.[2]
 
 
 10
 Harvey Oil appeals the district court's grant of summary judgment. Harvey Oil contends that the pollution exclusion should not apply because it is void as against public policy, or, in the alternative, misleading and deceptive, rendering coverage under the Policy illusory.
 
 II.
 
 11
 Under Michigan law, when a court construes insurance contracts it must first determine whether the policy is clear and unambiguous. If the language is unambiguous the court must enforce the terms of the contract as written. Ray Industries v. Liberty Mut. Ins. Co., 974 F.2d 754, 759 (6th Cir.1992). See Upjohn Co. v. New Hampshire Ins. Co., 476 N.W.2d 392, 397 (Mich.1991). The language of the coordination of benefits clause is clear. The insured must secure available government funds, and any such funds paid by a government source will reduce the limits of insurance. Reviewing the entire policy, the district court found the language of the coordination of benefits clause was neither misleading nor deceptive.
 
 
 12
 Harvey Oil does not dispute that the language of the COB clause itself was clear. Rather, Harvey Oil contends that the Michigan Commissioner of Insurance's earlier finding that an identical COB clause was misleading and deceptive when used in conjunction with another policy is evidence that the COB clause renders the Policy at issue misleading and deceptive, and, therefore, void as against public policy. The district court did not agree, and neither do we.
 
 
 13
 Form CG-F-34, the COB form used in Harvey Oil's Policy, was approved by the Commissioner. The policy filing incorporating those forms was "Deemed Approved" by the Commissioner on January 30, 1989, which means that, unless actively disapproved within 30 days, the policy would go into effect in Michigan. It may be true, as Harvey Oil contends, that Federated failed to strictly follow the Commissioner's instructions in filing, and that the filing is always subject to a subsequent decision by the Commissioner to disapprove the policy. The Commissioner has not, however, acted to disapprove the filing. Any complaint with the Commissioner's approval procedure, moreover, is better directed to the Commissioner, through available administrative remedies. We are guided by the fact that, at present, the COB clause at issue has been explicitly approved by the Commissioner, and Federated's Pollution Liability Program filing, which incorporates the COB clause, has been deemed approved by the Commissioner.[3]
 
 
 14
 This is not a case where the existence of the COB clause and its impact on coverage under the Policy were so unclear that it defeated the reasonable expectations of the insured. See Yahr v. Garcia, 461 N.W.2d 363 (Mich.1990) (exclusion hidden in "Conditions" section of policy, which had been struck down by the Michigan Court of Appeals as defeating the reasonable expectations of the insured, upheld by Michigan Supreme Court because clause itself was unambiguous). Harvey Oil was made aware of the existence of the COB clause, and the clause clearly states what change it effects on the coverage limits of the Policy. Finally, the district court's finding that the clause is unambiguous is supported by the fact that a reading of the COB clause in the context of the entire Policy fairly admits only one interpretation: that the availability of government funds would lower the coverage limits. See Auto-Owners Ins. Co. v. Johnson Estate, 459 N.W.2d 7, 8 (Mich.Ct.App.1990). The Policy, therefore, is not deceptive, misleading, or against public policy of the state of Michigan.
 
 
 15
 Harvey Oil contends, in the alternative, that even if the COB clause is clear, it renders the Policy illusory, as Harvey Oil would have paid a hefty premium in exchange for no coverage. The district court rejected this argument, finding that the coverage afforded by the Policy was broader than coverage under MUSTFA. Specifically, the district court found that the Policy provided, in addition to coverage for clean-up costs related to releases from underground storage tanks, coverage for bodily injury, property damage, and clean-up costs caused by other pollution incidents, such as releases during fuel delivery or loading, from an above-ground storage tank or from any other source. Harvey Oil argues, in its brief, that such "other coverage" was provided under separate parts of the overall policy, for which it paid additional premiums.
 
 
 16
 Harvey Oil fails, however, to point to specific evidence that the premium amount was divided between the coverage at issue and this "other coverage." Harvey Oil's point of contention is that the addition of the COB clause to the Policy did not result in a reduction of premiums--in fact, the premium amount continued to increase. Moreover, Federated had promised to provide a pro rata cancellation of Harvey Oil's Policy, should the need for coverage be obliterated by the MUSTFA fund. Harvey Oil has interpreted the language of Federated's promise to mean that Federated would cancel only the portion of coverage coordinated with the fund. Since no pro rata cancellation was ever granted, Harvey Oil contends that it reasonably expected that the Policy still provided coverage in addition to MUSTFA.
 
 
 17
 This argument is unpersuasive. Harvey Oil has failed to prove that MUSTFA eliminated the need to continue the Policy altogether, as stated in the promise of pro-rata cancellation. Even if it could show that the Policy should have been cancelled, Harvey Oil would only have a claim for a refund of the portion of the premium it would have received if the pro rata cancellation had been done as promised. However, Harvey Oil has not made such a claim. Nor has it even alleged that the Policy should have been cancelled, or what the pro rata amount of refund should be. Harvey Oil was clearly informed of the COB clause and its effect. That Harvey Oil continued to pay higher prices for less coverage, while unfortunate, does not entitle Harvey Oil to avoid the clear language of a policy to which it agreed.
 
 
 18
 Harvey Oil's final argument, that the district court erred in holding that MUSTFA coverage was primary to the Policy coverage, is untenable. The district court properly determined that, under terms of the Policy, MUSTFA coverage was primary. The "primary insurer" clause Harvey Oil relies on to argue that MUSTFA was not an "insurer" and, therefore, could not be a primary insurer, is inapplicable. The COB language makes clear that, whether an "insurer" or not, any government funding source would be primary to the coverage provided by the Policy.
 
 
 19
 Because the district court correctly determined that the COB clause was valid and precluded coverage under the Policy, we do not address the question of whether Harvey Oil proved that its claim falls within the terms of the Policy. Similarly, Federated's argument that rescission, not a determination of coverage, is the appropriate remedy should the COB clause be found to be invalid, is moot.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 MUSTFA covers petroleum released discovered after July 1989. It provides $1,000,000 coverage per site, with a $10,000 deductible. The renewed policy provided $500,000 per pollution incident, up to an aggregate of $1,000,000, with $25,000 deductible
 
 
 [2]
 Because, at the time of dismissal, the lack of case or controversy could not be cured by amendment, the dismissal is appealable. See Network Communications v. Michigan Bell Tel. Co., 906 F.2d 237, 238 (6th Cir.1990) (dismissal order not appealable if dismissed complaint can be resurrected by amended complaint). Harvey Oil, however, failed to address the occurrence policy in its summary judgment motion or brief. The issue of dismissal of the breach of contract action as to that policy, therefore, has been abandoned on appeal
 
 
 [3]
 Federated, who had this case removed to federal court, now argues that the federal court should abstain from rendering a decision on this question of state law "bearing on policy problems of substantial public import." We do not suggest that the Commissioner's approval renders this court incapable of determining whether a policy is misleading or deceptive. In fact, the Commissioner admits that approval by inaction "does not negate the insurer's obligation to comply with the code and Michigan law." As the language of this Policy is clear, however, we decline to address the question of whether such "second-guessing" would be appropriate in the case of a policy that this court finds misleading or deceptive