# STATE OF MICHIGAN

# COURT OF APPEALS

ANN V. ANNIS,

        Plaintiff/Counter-Defendant-
        Appellant/Cross-Appellee,

v

THEODORE C. ANNIS,

        Defendant/Counter-Plaintiff-
        Appellee/Cross-Appellant.

UNPUBLISHED
April 16, 2015

No. 319577
Washtenaw Circuit Court
Family Division
LC No. 11-000557-DO

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right and defendant cross-appeals from the trial court's decision and order awarding defendant attorney fees and costs as sanctions under MCR 2.114 in this divorce action. We affirm in part, vacate in part, and remand.

## I. FACTS AND PROCEDURAL HISTORY

The parties were married in 1986 and separated in January 2011. No children were born of the marriage. In February 2011, prior to initiating divorce proceedings, the parties signed an agreement to mediate all unresolved issues, including spousal support and property division. The parties and their attorneys participated in mediation over the course of two days. At the conclusion of the second full day of mediation on March 3, 2011, the mediator prepared a three-page handwritten settlement agreement outlining the rights and obligations of each party and dividing property as noted in an attached appendix. The document was silent with regard to spousal support for either party. Both parties initialed each page of the document and the appendix, and each party and their respective attorney signed the final page of the document.

A few days later, plaintiff filed a complaint for divorce. In her complaint, plaintiff alleged that "[t]he parties have reached agreement on most property issues, and signed an agreement on March 3, 2011." Plaintiff requested that the trial court affirm the settlement agreement the parties made with respect to their property or, in the alternative, award to each an equitable portion of the marital property. In his answer to the complaint and in a counterclaim for divorce, defendant affirmatively stated that the parties had reached agreement on all issues in the case and requested the court enter an order adopting and merging the settlement agreement.

-1-

In her answer to defendant's counterclaim, plaintiff stated that the parties reached a partial property settlement, but that the agreement was neither comprehensive nor complete because it did not address all property issues or spousal support.

In June, defendant moved for entry of judgment and for sanctions. He alleged that the parties had reached a settlement agreement, that most aspects of the property division had been completed, and that he had complied with the terms of the settlement agreement. Defendant also alleged that plaintiff refused to conclude a final settlement and that her arguments and subsequent refusal to concede that a settlement existed were frivolous. Defendant attached to the motion a proposed judgment of divorce, which included a provision barring spousal support for both parties. In response, plaintiff denied that the parties had reached a comprehensive settlement. She maintained that the document signed by the parties and their attorney at the conclusion of mediation constituted only a "settlement memorandum" and not a settlement agreement. Plaintiff requested that the court impose sanctions on defendant. Plaintiff also moved to amend her complaint to add a claim for spousal support. Following a hearing on defendant's motion for entry of judgment and plaintiff's motion to amend the complaint, the trial court held that the March 3, 2011 document was a valid and binding settlement agreement as to all matters addressed in that document. The trial court also indicated that a trial would be held to determine any disputed issues not specifically addressed in the settlement agreement.[1] The order also provided that the issue of costs was reserved for both parties.

Thereafter, plaintiff moved for reconsideration. She alleged mutual mistake with regard to the formation of the settlement agreement and asked the court to reverse its finding that the settlement agreement was a binding and enforceable contract. Plaintiff also moved for a full evidentiary hearing regarding the circumstances surrounding the formation of the settlement agreement, and later filed an amended motion in limine seeking to set aside the settlement agreement. At the conclusion of the hearing on these matters, the court expressed irritation with plaintiff's refusal to abide by its decision regarding the binding nature of the settlement agreement. The trial judge then disqualified himself under MCR 2.003(C)(1)(a) without deciding the motions and the case was reassigned.

Approximately two months later, defendant filed a motion for summary disposition and motion for entry of judgment. About one month later, plaintiff filed a second amended motion for reconsideration or rehearing with regard to the trial court's ruling that the March 3, 2011 document was a valid and binding settlement agreement as to all matters addressed in that document. This time she alleged fraud as an alternate basis for setting aside the settlement agreement. After a hearing, the court found no basis for plaintiff's newly raised allegations of fraud or other claims of invalidity. The court granted summary disposition as to the issue of property division, but denied summary disposition as to the issue of spousal support.

On March 22, 2012, the trial court signed a consent order providing that both parties waived all claims to spousal support and that both parties waived the right to trial of the one

---

[1] In a separate order, the trial court held that plaintiff could litigate the issue of spousal support during the trial.

disputed issue in the case. The trial court also dismissed plaintiff's pending motions, including her motion for full evidentiary hearing and motion in limine, as moot. The trial court subsequently denied plaintiff's motions for reconsideration regarding mutual mistake and fraud as the bases for setting aside the settlement agreement.

On April 4, 2012, the parties agreed to the entry of a judgment of divorce. Plaintiff filed a claim of appeal from that judgment on April 24, 2012, but on October 28, 2013, she moved to withdraw the appeal under MCR 7.218, and this Court entered an order dismissing the appeal. *Annis v Annis*, unpublished order of the Court of Appeals, entered November 15, 2013 (Docket No. 309853) (*Annis I*). Subsequently, defendant's motion for vexatious appeal under MCR 7.216(C) was denied. *Annis v Annis*, unpublished order of the Court of Appeals, entered December 12, 2013 (Docket No. 309853).

Back in front of the trial court, defendant requested a ruling on costs on April 14, 2012. In July, the court entered an order stating that it was "quite willing to charge [plaintiff] for her frivolous and continuing argument about the settlement agreement not being a settlement agreement but those claims must be more clearly identified." Defendant submitted additional affidavits, and the trial court again indicated that it was "unable to determine from [defense counsel's] statement of fees why she believes that all of the entries are chargeable to [plaintiff]." Defendant then filed a second request for ruling on costs and submitted an additional statement of costs, attaching a 21-page "History Bill" with billing entries through May 15, 2012. Plaintiff objected to each billing entry. Finally, defendant presented an updated statement of costs reflecting additional fees and costs incurred between May 15, 2012, and October 2013. Following a hearing, the court awarded defendant attorney fees in the amount of $33,800, and $37,447.20 in total fees and costs.

## II. ANALYSIS

### A. SANCTIONS – LAW OF THE CASE

Plaintiff contends that this Court's denial of defendant's motion for sanctions under MCR 7.216(C) for filing a vexatious appeal in *Annis I* constitutes, under law of the case, a binding determination that there was arguable legal merit to the issues raised by plaintiff in that appeal, including her challenge to the binding nature of the settlement agreement. Under this theory, that prior order precludes us from determining in this appeal whether the trial court erred in concluding that plaintiff's actions in the trial court were frivolous. Whether the law of the case doctrine applies is a question of law that this Court reviews de novo. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001).

The law of the case doctrine provides that " 'if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.' " *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000), quoting *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981). However, the law of the case doctrine "applies only to questions actually decided in the prior decision and to shoe questions necessary to the court's prior determination." *City of Kalamazoo v Dep't of Corrections (After Remand)*, 229 Mich App 132,

135; 580 NW2d 475 (1998). This Court's previous denial of defendant's motion for sanctions under MCR 7.216(C) for filing a vexatious appeal was a ruling on whether plaintiff's *appeal* of the trial court's sanction ruling was frivolous and, therefore, does not preclude our present review (under a much different standard of review) of the *trial court's decision* that plaintiff's repeated challenges to the binding nature of the settlement agreement violated MCR 2.114. Our Court has previously made clear that a decision under MCR 7.216(C) entails the legal issue of whether an appeal itself is frivolous (or "vexatious"), which is a separate issue from whether a trial court clearly erred in finding the underlying issue to be frivolous. See *DeWald v Isola* (*After Remand*), 188 Mich App 697, 700; 470 NW2d 505 (1991).

## B. SANCTIONS – THE MERITS

Regarding the merits of the trial court's decision, plaintiff argues that the trial court clearly erred in finding that she was subject to sanctions for violating the provisions of MCR 2.114(D). We review a trial court's decision regarding sanctions for clear error. *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 485-486; 760 NW2d 526 (2008) (citation omitted).

MCR 2.114(D) provides as follows:

> The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

> (1) he or she has read the document;

> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a document is signed in violation of MCR 2.114(D), then MCR 2.114(E) states that the court, on the motion of a party or on its own initiative, "shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." Additionally, MCR 2.114(F) states, "In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)."

Plaintiff argues that the legal predicate for her argument against the binding nature of the settlement agreement was based squarely on fundamental contract law; specifically, that there was not a meeting of the minds with respect to the binding nature of the mediator's handwritten document. Fundamentally, to establish a contract, "there must be 'mutual assent' to be bound— that is, the parties must have a 'meeting of the minds' on all the essential elements of the agreement." *Huntington Nat'l Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 508; 853 NW2d 481 (2014). Whether there has been a meeting of the minds must be judged from an

objective standard, "looking to the express words of the parties and their visible acts, not their subjective states of mind." *Stanton v Dachille*, 186 Mich App 247, 256; 463 NW2d 479 (1990) (citations omitted).

The March 3, 2011 document contains contractual language setting forth rights and obligations and division of property, and it contains the signature of both parties to the agreement. Just four days after signing the agreement, plaintiff filed a complaint for divorce in which she admitted that "The parties have reached agreement on most property issues, and signed *an agreement* on March 3, 2011." (Emphasis added.) In her answer to defendant's counterclaim for divorce, plaintiff again admitted that "the parties reached a partial property settlement *agreement* on March 3, 2011." (Emphasis added). The language of the document, coupled with plaintiff's admissions in the pleadings, support a finding that plaintiff mutually assented to the settlement agreement. "Generally, contracts between consenting adults are enforced according to the terms to which the parties themselves agreed." *Lentz v Lentz*, 271 Mich App 465, 471; 721 NW2d 861 (2006). We conclude that the trial court did not clearly err by finding that plaintiff's repeated challenges to the binding nature of the settlement agreement—even after the trial court found it enforceable—violated MCR 2.114(D)(2) and by awarding sanctions for this violation under MCR 2.114(E) and (F).

## C. SANCTIONS – THE AMOUNT

Plaintiff also argues that the trial court's award of sanctions under MCR 2.114(E) and (F) is excessive, while defendant argues that the trial court erred by reducing defendant's attorney's hourly billing rate from $400 to $325. We review for an abuse of discretion a trial court's award of attorney fees and costs. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

In *Smith*, the Supreme Court set forth the following analysis for determining reasonable attorney fees:

> We hold that a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case (factor 1 under MRPC 1.5[a] and factor 2 under *Wood*[2]). The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. . . . Thereafter, the court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. And, in order to aid appellate review, a trial court should briefly discuss its view of the remaining factors. [*Id.* at 530-531.]

---

[2] *Wood v Detroit Automobile Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982).

The *Wood* factors referenced by the Supreme Court are: " '(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.' " *Id.* at 529, quoting *Wood v Detroit Automobile Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982). MRPC 1.5(a) overlaps the *Wood* factors, *Smith*, 481 Mich at 529, and includes the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal services;

> (4) the amount involved and the results obtained;

> (5) the time limitations imposed by the client or by the circumstances;

> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

> (8) whether the fee is fixed or contingent. [MRPC 1.5(a).]

"The above factors have not been exclusive, and the trial courts could consider any additional relevant factors." *Smith*, 481 Mich at 530. The burden of proving the reasonableness of the requested fees rests with the party requesting them. *Id.* at 528-529.

A trial court is not required to give detailed findings regarding each *Wood* factor, *In re Attorney Fees and Costs*, 233 Mich App 694, 705; 593 NW2d 589 (1999), but it is required to make findings of fact with regard to the attorney fee issue, *Howard v Canteen Corp*, 192 Mich App 427, 437; 481 NW2d 718 (1991), overruled on other grounds *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999). Generally, the starting point for any attorney fee award is determining the fee customarily charged in the locality for similar services. *Smith*, 481 Mich at 530. Once the party seeking the fee has established that, the figure should be multiplied by whatever number of hours the court concludes was reasonable for the work performed on the case or issue. *Id.* at 530-531. The actual fees charged by an attorney are not necessarily reasonable fees. See *Vittiglio v Vittiglio*, 297 Mich App 391, 410; 824 NW2d 591 (2012).

The trial court rendered its decision in a written decision and order. With regard to the hours spent, the trial court found as follows:

> At an early stage of this case, . . . it was apparent that there was a binding Settlement Agreement. Despite this ruling as the case proceeded through two more judges the plaintiff continued to assert that the Agreement was not binding. Counsel for the plaintiff at this hearing said, with a straight face, that there was no need for defense counsel to continue to defend against the claim of no Settlement

inasmuch as he had won that point. For his counsel not to have fought this assertion would have been malpractice. The main idea of meeting with the mediator, two times as I recall, and coming up with a binding Agreement was that this would save a lot of costs of litigation. Unfortunately this was not the case. A substantial amount of time had to be spent to make sure that no subsequent judge somehow found the Agreement not to be binding.

The trial court's sole comment regarding the hourly rate was, "Inasmuch as charges in this case go back to 2011, I am going to provide that [defendant's attorney] be paid at the rate of $325 per hour." The court engaged in no further analysis. The court awarded attorney fees of $33,800, and costs of $3,647.20, for a total award $37,447.20.

Because the court had already determined that defendant was entitled to fees, the only issue before the court was whether defendant's requested fees were reasonable. On appeal, both parties agree that the trial court failed to articulate findings for its award of attorney fees and costs, and both parties express confusion over the trial court's calculation of attorney fees and costs. The trial court failed to discuss the *Wood*/MRPC factors and failed to follow the steps of *Smith*. We have attempted to decipher how the court arrived at the figures that it did, and it appears that the trial court determined that all except .75 hours of the hours claimed through May 15, 2012, were appropriately expended. However, the court failed to articulate any rationale for not awarding fees requested for services performed between May 15, 2012, and October 2013, and did not specifically address the issue of costs. The court also failed to address plaintiff's numerous objections to the specific billing entries. The trial court implicitly found that defendant's attorney charged an unreasonable hourly fee, but offered no explanation for the hourly fee it calculated other than to suggest that the work performed by defendant's attorney went "back to 2011." There was no finding as to the fee customarily charged in the locality for similar services, nor was there any explanation as to why the rate actually charged was unreasonable. Because the trial court did not make specific findings of reasonableness, there is little for this Court to review. We therefore vacate the award, and remand for further proceedings. On remand, the trial court should follow the steps set forth in *Smith* and address the objections raised by plaintiff. The trial court must articulate its findings of fact in support of its ultimate award. *Howard*, 192 Mich App at 437.[3]

---

[3] Plaintiff also argues that the trial court erred by failing to grant plaintiff's request for sanctions against defendant for his filing of his answer to plaintiff's complaint and his motion for entry of judgment. We decline to do so. After the trial court reserved the issue of costs in its order following the hearing on that motion, plaintiff never filed a subsequent request for costs and, therefore, the trial court never made a decision on costs. Accordingly, the issue is unpreserved and we review unpreserved claims for plain error affecting substantial rights. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 381; 808 NW2d 511 (2011). Because plaintiff never filed a request for costs and fees with regard to defendant's filing of the motion for entry of judgment after the trial court issued its order reserving both parties' requests for costs, the trial court never held a hearing to determine whether defendant's filing of the motion violated the signature requirements of MCR 2.114(D). Without a request for costs and fees and a subsequent decision

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.  Jurisdiction is not retained.  No costs, neither party having prevailed in full.  MCR 7.219(A).


/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

on the request, there is no decision for this Court to review.  We will also not address the issue sua sponte, as there is no clear set of facts to resolve the issue.  See *Harris v Pennsylvania Erection & Constr*, 143 Mich App 790, 795; 372 NW2d 663 (1985).